Filed 10/23/20  P. v. Guzman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | No. E075139 |
| v. | (Super.Ct.No. FWV19001125) |
| ARTURO COLON GUZMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Lisa M. Rogan, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I

INTRODUCTION

Defendant and appellant Arturo Colon Guzman appeals from a mental health commitment order pursuant to Penal Code sections 1368 and 1370.[1] After counsel filed the notice of appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) requesting this court to undertake a review of the entire record. Based on our independent review of the record, we find no arguable issue and affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2019, an information was filed charging defendant with two counts of deliberate, premediated attempted murder (§§ 664 &187, subd. (a)). The information also alleged that in the commission of the attempted murders, defendant personally used a knife (§ 12022, subd. (b)(1)) and inflicted great bodily injury upon the victims (§ 12022.7, subd. (a)). The information further alleged that defendant had suffered a prior prison term (§ 667.5, subd. (b)).

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

On August 2, 2019, the trial court suspended criminal proceedings and appointed a psychiatrist to determine if defendant was competent to stand retrial pursuant to section 1368.[2]

After the appointment of multiple psychiatrists and the filing of their reports, a bench trial was held on the question of defendant's competency on February 19, 2020. Defendant was called to testify by his counsel, but upon refusing to be sworn in under oath as a witness, his counsel stated that she would not call defendant to testify. Defendant also was disruptive during the proceedings and was eventually removed from the courtroom.

Dr. Mendel Feldsher, a forensic psychiatrist employed by Patton State Hospital as the Chief of Forensic Evaluations, testified that he had reviewed defendant's jail records, police reports, trial testimony, and other materials before twice attempting to interview defendant in jail. Defendant refused to see Dr. Feldsher. Dr. Feldsher wrote two reports to the court—one on September 23, 2019, and one on January 27, 2020. From the written records, Dr. Feldsher opined defendant suffered from "substantial paranoia, paranoia which would interfere with his ability to work with his attorney in a rational manner." Defendant's conduct in the courtroom during the proceedings also indicated to Dr. Feldsher that defendant had "dysregulated emotions" and was unable to control his anger or "refrain from speaking when he is not permitted to." Dr. Feldsher noted that defendant continued to show evidence of paranoia towards him, the judge, and his

---

[2] Defendant's first trial resulted in a hung jury.

attorney and that defendant's conduct in the courtroom made it "all the more clear" that he was not competent to stand trial. Dr. Feldsher also stated that defendant "views the idea of being considered incompetent insulting" and that defendant had made statements indicating "he felt competent." Dr. Feldsher explained that defendant's statement saying "he is competent" was inconsistent with someone who was trying to malinger having a mental health issue to avoid trial.

The jail psychiatry team diagnosed defendant as suffering from an unspecified mood disorder and prescribed Paxil. Later they diagnosed defendant with a delusional disorder. Defendant refused two medications they prescribed; one for insomnia and one for seizures. Dr. Feldsher concluded defendant was not competent to stand trial and that he suffered from mental disorders which interfered with his ability to assist his counsel in a rational manner. Dr. Feldsher saw no evidence that defendant was presently taking any psychiatric medication. Dr. Feldsher believed that it was "highly unlikely" defendant would consent to taking medication.

Based on the evidence presented at the hearing and the court's own observations of defendant in the courtroom, the trial court found defendant incompetent to stand trial pursuant to sections 1368 and 1370 and continued to suspend criminal proceedings. The court noted that defendant did not have the ability to assist his attorney in a rational manner. The court also found that defendant lacked the capacity to consent appropriately

4

to medication and, over defendant's objection, ordered defendant to be involuntarily medicated.[3]

On March 9, 2020, the trial court ordered defendant committed to the Department of State Hospitals until his mental competence was restored and found the maximum time of commitment to be life. This appeal followed.

III

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

---

[3] On February 21, 2020, the trial court ordered the court minutes regarding involuntary administration of psychotropic medication modified nunc pro tunc to strike the order as lacking evidentiary support.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:


SLOUGH

J.


FIELDS

J.